IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE TRANARD OLIVER, | ) | CASE NO. 2:15-cv-02474 |
| 555 Coalville Dr. | ) | |
| Lawrenceville, GA  30045, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | Magistrate Judge |
| | ) | |
| vs. | ) | |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| THE OHIO STATE UNIVERSITY | ) | **Jury Demand Endorsed Hereon** |
| COLLEGE OF DENTISTRY, | ) | |
| | ) | |
| THE OHIO STATE UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| THE OHIO STATE UNIVERSITY | ) | |
| MEDICAL CENTER SERVICE | ) | |
| BOARD, | ) | |
| | ) | |
| ABC CORPORATION (a fictional entity, | ) | |
| whose proper name is yet undetermined), | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR. DANIEL REED, | ) | |
| | ) | |
| Defendants. | ) | |

NOW comes Plaintiff, Willie Tranard Oliver and, for his Complaint against Defendants, avers and alleges the following, all upon information and belief.

**JURSIDICITON AND VENUE**

1. Plaintiff is a resident of the State of Georgia.

1

2. Defendants are, and, at all times relevant hereto, were, residents of the State of Ohio, and/or corporations registered to do business, and having their principal places of business, in Ohio.

3. This Court has jurisdiction over the parties and claims, as Plaintiff's claims arise, in part, under Federal law (e.g., Title VII of the Civil Rights Act of 1964).  In addition, there exists diversity of citizenship between Plaintiff and Defendants.

4. Venue is appropriate in the Southern District of Ohio, as the actions, incidents, and/or occurrences giving rise to Plaintiff's causes of action took place in Franklin County, Ohio.

## FACTUAL ALLEGATIONS

5. Plaintiff's race is African-American.

6. In early 2013, Defendants offered Plaintiff a slot in the General Practice Residency program ("GPR" or the "Program") to begin July 1, 2013 and terminate on June 30, 2014.

7. Plaintiff accepted Defendants' offer, hopeful of increasing his knowledge base and skill set, gaining experience, and earning the Certificate of Completion granted at the end of the GPR program.

8. On or about July 1, 2013, Plaintiff started participation in the GPR.

9. During Plaintiff's time in the Program, Plaintiff was subjected to racial discrimination. For example, the Program Director, Defendant Reed made demeaning/harassing comments about Plaintiff such as "everyone here speaks English, except for Willie," a less than subtle reference to what Reed perceived as Plaintiff's racially influenced speech patterns and/or accent.

10. Moreover, Defendants engaged in disparate treatment of Plaintiff.  For example, Defendants disciplined Plaintiff (by adding "on-call" days to his schedule) for an infraction committed by a Caucasian female resident who was not disciplined.  On at least one other occasion, Defendant disciplined Plaintiff for an infraction Plaintiff was later able to prove he never committed.

11. On or about May 21, 2014, Plaintiff attempted to address with Defendant Reed the discriminatory treatment Plaintiff was receiving from Defendants.

12. Upon hearing Plaintiff's complaint, Defendant Reed exploded into a tirade of verbal abuse aimed at Plaintiff.

13. Shocked and fearing for his safety, Plaintiff attempted to extricate himself, and moved toward the exit door.  Swiftly, Defendant Reed moved to block Plaintiff's escape, forcing himself between Plaintiff and the door.  While holding Plaintiff captive, Defendant Reed continued to scream at, and intimidate, Plaintiff, who was in fear of bodily harm.

14. After the May 21 incident, Plaintiff met with administration officials from Ohio State University.  Plaintiff was advised to take time off from the program to recover from the incident, while an investigation was performed.  Plaintiff took time off, as advised.

15. On or about June 30, 2014, at the end of the GPR, and upon learning of the death of his uncle, Plaintiff returned home to Georgia.

16. Defendants did not provide Plaintiff a Certificate of Completion for his participation in the GPR, ostensibly because Plaintiff missed 16.5 days over the course of the year-long Program.  Defendants did, however, provide a Certificate to a Caucasian participant who missed 15 days, and missed the entire last week of the Program.

17. Not receiving the Certificate of Completion has cost Plaintiff one year of his time, limited his employment opportunities, and his earning potential.

18. Subsequently, administration determined Defendant Reed had, indeed, violated Ohio State University policy against workplace violence.  Defendant Reed completed workplace violence training three months after the GPR had concluded, and Plaintiff had left Ohio.

## CAUSES OF ACTION

### COUNT I (Federal Discrimination)

19. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

20. As set forth above, and otherwise, Defendants subjected Plaintiff to discrimination and/or harassment because of Plaintiff's race.  Defendant Reed's demeaning comments were aimed at Plaintiff's race/culture.  Also, as set forth above, and otherwise, Defendants treated Plaintiff differently (in an adverse way) from Caucasian Program participants.

21. Plaintiff has been damaged by Defendants' harassment/discrimination, and is entitled to judgment and an award of damages against Defendants, pursuant to Federal law, including, but not limited to Title VII of the Civil Rights Act of 1964.

### COUNT II (State Discrimination)

22. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

23. Plaintiff has been damaged by Defendants' harassment/discrimination, and is entitled to judgment and an award of damages against Defendants, pursuant to Ohio law, including, but not limited to, Ohio Revised Code, Section 4112.99.

## COUNT III (Federal Retaliation)

24. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

25. Defendants retaliated against Plaintiff for complaining about racial discrimination/harassment.  Examples of Defendants' retaliation include Reed's assault on Plaintiff, as well as Defendants' refusal to award Plaintiff a Certificate of Completion.

26. Plaintiff has been damaged by Defendants' retaliation, and is entitled to judgment and an award of damages against Defendants, pursuant to Federal law, including, but not limited to Title VII of the Civil Rights Act of 1964.

## COUNT IV (Federal Retaliation)

27. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

28. Plaintiff has been damaged by Defendants' retaliation, and is entitled to judgment and an award of damages against Defendants, pursuant to Ohio law, including, but not limited to, Ohio Revised Code, Section 4112.99.

## COUNT V (Assault)

29. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

30. Defendant Reed's conduct on or about May 21, 2014 was intended to, and did, place Plaintiff in apprehension of fear of imminent bodily harm, and constitutes an assault on Plaintiff.

31. The corporate Defendants are vicariously liable for Defendant Reed's conduct, as his employer, under the doctrine of *respondeat superior*, because the corporate Defendants negligently hired and/or supervised Defendant Reed, or otherwise.

32. Plaintiff has been damaged by the May 21, 2014 assault, and is entitled to judgment and an award of damages against Defendants.

## COUNT VI (False Imprisonment)

33. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

34. Defendant Reed's conduct on or about May 21, 2014 constitutes false imprisonment, as it was willful, without Plaintiff's consent, and unlawfully restricted Plaintiff's freedom.

35. The corporate Defendants are vicariously liable for Defendant Reed's conduct, as his employer, under the doctrine of *respondeat superior*, because the corporate Defendants negligently hired and/or supervised Defendant Reed, or otherwise.

36. Plaintiff has been damaged by the May 21, 2014 false imprisonment, and is entitled to judgment and an award of damages against Defendants.

## COUNT VII (Breach of Contract)

37. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

38. Plaintiff entered into an agreement with the corporate Defendants, whereby, among other things, Plaintiff would participate in the residency Program for one year, and Defendants would provide Plaintiff a Certificate of Completion.

39. Plaintiff more than substantially complied with his obligations under the agreement.

40. By refusing/failing to provide Plaintiff a Certificate of Completion, the corporate Defendants are in breach of contract with Plaintiff.

41. Plaintiff has been damaged by Defendants breach, and is entitled to judgment and an award of damages against the corporate Defendants.

## COUNT VIII (Breach of the Covenant of Good Faith and Fair Dealing)

42. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

43. Defendants' refusal/failure to provide Plaintiff a Certificate of Completion is in breach of the covenant of good faith and fair dealing, which is an implied term in every contract in Ohio.

44. Plaintiff has been damaged by Defendants breach, and is entitled to judgment and an award of damages against the corporate Defendants.

## COUNT IX (Promissory Estoppel)

45. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

46. Defendants' advice/representations to Plaintiff (that he should take time off to deal with the May 21, 2014 assault) were intended, and/or should have been reasonably expected, to induce reliance by Plaintiff.

47. Plaintiff reasonably relied to his detriment upon Defendants' advice/representations, by following Defendants' instructions, and taking time off after the assault.

48. By refusing/failing to award Plaintiff a Certificate of Completion, Defendants breached the express/implied promises contained in their advice/representations.

49. Justice can be served only be enforcing Defendants' promises.

50. Plaintiff has been damaged by Defendants breach, and is entitled to judgment and an award of damages against the corporate Defendants.

### **COUNT X (Punitive Damages)**

51. Plaintiff realleges the preceding paragraphs of this Complaint, and incorporates them herein, as if fully restated with particularity and at length.

52. The actions of Defendants as aforesaid, and otherwise, were willful, wanton and malicious, and were done by Defendants intentionally and/or in conscious and flagrant disregard to and for Plaintiff's substantial rights, such that an award of punitive damages is warranted in both law and fact.

WHEREFORE, Plaintiff prays for relief as follows:

i) For judgment in favor of Plaintiff, and against Defendants, on each Count of this Complaint;

ii) For an award of Compensatory and Punitive damages, in an amount to be determined at trial, but not less than $75,000.00;

iii) For an award of costs and reasonable attorney's fees; and

iv) For such other legal and equitable relief as to which he may be entitled.

Respectfully Submitted,

/S/ Christopher Ragonesi
Christopher Ragonesi, Esq. (#0047267)
709 Mt. Moriah Dr.
Cincinnati, OH 45245
(513) 259-7731
(513) 753-8542 (fax)
ragonesilaw@alumni.duke.edu

Attorney for Plaintiff

8

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

> /S/ Christopher Ragonesi_____
> Christopher Ragonesi, Esq.  (#0047267)
> 709 Mt. Moriah Dr.
> Cincinnati, OH  45245
> (513) 259-7731
> (513) 753-8542 (fax)
> ragonesilaw@alumni.duke.edu
>
> Attorney for Plaintiff